Kerry K. Fennelly (SBN 232621)
kfennelly@kraw.com
Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@kraw.com
Kraw Law Group, APC
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100 tel
(760) 747-1188 fax

Attorneys for Plaintiffs,
GCIU-Employer Retirement Fund and
Board of Trustees of the
GCIU-Employer Retirement Fund

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND and BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND, <br><br> Plaintiffs, <br><br> v. <br><br> ROSEBUD MEDIA LLC., a Delaware limited liability company, <br><br> Defendant. | CASE NO. 2:22-cv-3988 <br><br> **COMPLAINT** <br><br> 1. Violation of ERISA § 515 (29 U.S.C. § 1145) <br> 2. Breach of Collective Bargaining Agreement and applicable Trust Agreements <br> 3. Audit |

## **COMPLAINT**

Plaintiffs, GCIU-Employer Retirement Fund ("Fund") and Board of Trustees of the GCIU-Employer Retirement Fund ("Board of Trustees"), for causes of action against Defendant Rosebud Media LLC, allege as follows:

1

COMPLAINT

## JURISDICTION AND VENUE

1.      This is an action for collection of fringe benefit contributions from Defendant due and owing to the GCIU-Employer Retirement Fund. This action arises under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145.

2.      This Court has jurisdiction over this action under ERISA section 502(e), 29 U.S.C. § 1132(e), which grants the district courts of the United States, the exclusive jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of 29 U.S.C. § 1132(f).

3.      Venue lies in this Court under ERISA section 502(e)(2), 29 U.S.C. § 1132(e)(2), in that the Plaintiff Fund is administered in Los Angeles County, California.

## PARTIES

4.      Plaintiff Fund is a multiemployer pension plan within the meaning of ERISA sections 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.      Plaintiff Board of Trustees is comprised of the present trustees who are the named fiduciaries of the Fund within the meaning of ERISA section 402(a), 29 U.S.C. §1102(a), and is the plan sponsor of the Plaintiff Fund within the meaning of ERISA sections 3(16)(B)(iii) and 4001(a)(10), 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10). The Board of Trustees administers the Fund in Los Angeles County, California.

6.      Pursuant to ERISA sections 502(a)(3) and 4301(a)(1), 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Board of Trustees is authorized, as a named fiduciary, to bring this action on behalf of the Fund, its participants and beneficiaries. The Fund is also authorized to bring this action in its own name pursuant to a provision contained within Article VIII, section 18 of the Plaintiff Fund's Trust Agreement, which permits all legal actions to be prosecuted in the name of the Fund.  A true and correct copy of the Fund's

2

Trust Agreement is attached hereto as Exhibit 1.

7.     Defendant Rosebud Media LLC is an active limited liability company organized under the laws of the State of Delaware.

8.     At all times relevant to this action, Defendant was an "employer" as the term is defined by ERISA section 3(5), 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, as defined by section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).

## RELEVANT STATUTORY PROVISIONS

9.     Pursuant to ERISA section 515, 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement, shall to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

10.     ERISA section 502(g)(2), 29 U.S.C. § 1132(g)(2), provides that an employer is obligated to pay unpaid contributions, liquidated damages, interest, reasonable attorney's fees, and costs and expenses of a suit to be determined upon motions or at trial.

## BACKGROUND

11.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12.     Mail Tribune, Inc. entered into a collective bargaining agreement ("CBA") for The Medford Mail Tribune with Teamsters Local Union No. 206 for the period of July 14, 2016 through July 14, 2018, with the agreement continuing in effect from year to year after July 14, 2018 unless written notice of desire to terminate or modify is given by either party. A true and correct copy of the CBA is attached hereto as Exhibit 2.

13.     Section 9, Part B, of the CBA provides for a $2.00 per shift contribution rate to the Plaintiff Fund for covered employees.

14.     Section 9, Part C, of the CBA provides that the employer has adopted the Rehabilitation Plan enacted by Plaintiffs, which calls for the payment of additional

COMPLAINT

surchargers to normal contributions.

15.    In or about January 2017, Defendant Rosebud Media LLC purchased The Medford Mail Tribune in an asset purchase from Mail Tribune, Inc.

16.    Upon purchase of the Medford Mail Tribune, Defendant Rosebud Media LLC assumed the CBA that was previously negotiated by Mail Tribune, Inc.

17.    During all relevant times herein, due to Defendant's assumption of the CBA, it was required to make contributions to the Plaintiff Fund on behalf of its covered employees at the Medford Mail Tribune.

18.    Pursuant to the CBA and Defendant's assumption of the CBA, Defendant is bound by the terms and conditions, rules and regulations of the Plaintiff Fund's Trust Agreement.

19.    On January 1, 2009, Plaintiff Fund's actuary certified to the U.S. Department of the Treasury and to Plaintiff Board of Trustees that the Plaintiff Fund was in critical status as defined by the Pension Protection Act of 2006 ("PPA") for the plan year beginning January 1, 2009.

20.    Pursuant to the PPA, a pension plan in critical status must develop and maintain a rehabilitation plan to enable the plan to emerge from critical status or to stave off insolvency if emerging from critical status is not possible.

21.    In accordance with the PPA and Article VIII, Section 27 of Plaintiff Fund's Trust Agreement, Plaintiffs adopted and implemented a rehabilitation plan.  A true and correct copy of the Plaintiff Fund's Rehabilitation Plan is attached hereto as Exhibit 3.

22.    Plaintiffs Rehabilitation Plan provides that a surcharge on contributions would be due beginning with February 2009 contributions under the PPA schedule, and would end when an employer adopted the Rehabilitation Plan, and thus the rehabilitation schedule, which requires contribution increases.

22.    Mail Tribune, Inc. adopted the Fund's Rehabilitation Plan as set forth in Section 9, Part C, of the CBA.

COMPLAINT

23.     Since Mail Tribune, Inc. adopted the Fund's Rehabilitation Plan, and Defendant assumed the CBA that was previously negotiated by Mail Tribune, Inc., it was obligated to make a 25% contribution increase to Plaintiff Fund.

24.     During all relevant times herein, Defendant's contribution rate to the Plaintiff Fund was thus $2.50 per shift, not $2.00 per shift.

## FIRST CLAIM OF RELIEF

### *(Payroll Audit Liability)*

25.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26.     Under Article IX, sections 2 and 3 of the Trust Agreement governing the Plaintiff Fund, Defendant is contractually liable to timely report on a monthly basis the hours worked by all of its employees performing bargaining unit work and pay contributions to the Plaintiff Fund accordingly.

27.     Under Article IX, section 5 of the Plaintiff Fund's Trust Agreement, Defendant is also required to permit the Plaintiff Fund to review its books and records to confirm that monthly contributions are being made in accordance with the terms of the CBA and plan rules.

28.     Moreover, under Article IX, section 5, in the event the payroll audit discloses that the participating employer has not paid contributions as required by the CBA, the employer shall be liable for the costs of the audit.

29.     In the event that the Fund must file suit to collect unpaid monthly contributions, Article IX, section 7 of the Trust Agreement obligates Defendant to pay audit costs, attorney's fees and costs and expenses of said suit.

30.      Pursuant to Article IX, section 6 of the Fund's Trust Agreement, interest of ten percent (10%) per annum continues to accrue on delinquent contribution until paid.

31.     Furthermore, in the event that the Fund must file suit to collect unpaid monthly contributions, Defendant must also pay liquidated damages in accordance with Article IX, section 7, of its Trust Agreement which provides that:

> In the event it is necessary to pursue a collection to a court judgment, the delinquent employer shall be liable for additional liquidated damages of ten percent (10%) of the amount of the contributions which are owed, making a total of twenty percent (20%). As provided in Section 515 of the Employee Retirement Income Security Act of 1974, as amended, the employer shall, if a judgment is entered, be obligated to the Trust Fund for the unpaid contributions, interest on the unpaid contributions, liquidated damages of twenty percent (20%), reasonable attorney's fees and costs, and such other legal or equitable relief as may be appropriate.

32.    An audit of Defendant's books and records was performed by the Plaintiff Fund covering the period of April 1, 2018 through May 31, 2021 ("Audit Period").

33.    The payroll audit revealed during the Audit Period, Defendant underpaid $2,906.00 in contributions, which included both base contributions ($2.00 per shift) and the contribution increases under the Fund's Rehabilitation Plan ($0.50 per shift, or 25% of the base contribution rate).

34.    In addition to the $2,906.00 in contributions, Defendant also owed interest at 10% per annum, and $4,758.70 in audit costs (collectively, "Payroll Audit Liability").

35.    Plaintiffs sent Defendant a bill for its Payroll Audit Liability on or about August 17, 2021 ("Payroll Audit Billing").

36.    On or about August 27, 2021, Defendant made a payment of $144.00 towards the Payroll Audit Billing, which represented all underpaid base contributions at $2.00 per shift.

37.    Defendant disputes that it owes the remainder of the Payroll Audit Billing, including the $0.50 per shift in contribution increases under the Rehabilitation Plan, interest, and audit costs.

38.    Defendant has not paid its Payroll Audit Billing in full.

39.    Defendant breached the Fund's Trust Agreement by failing to report all hours worked by its employees performing bargaining unit work under the CBA and failing to properly pay all contributions owed to the Plaintiff Fund.

COMPLAINT

40.    As a result, Defendant is in violation of ERISA section 515, 29 U.S.C. § 1145.

## SECOND CLAIM OF RELIEF

### *(Collection of Delinquent Contributions and Audit of Books and Records)*

41.    Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42.    Under Article IX, Section 2 and 3 of the Trust Agreement, Defendant is contractually liable to timely report on a monthly basis the hours or shifts worked by all of its employees performing bargaining unit work and to pay contributions to the Plaintiff Fund by the fifteenth (15th) day of the month following the month in which they accrue.

43.    Upon information and belief, Defendant had an obligation to make contributions with regard to the shifts worked by its employees covered by the CBA from June 1, 2021 through the present.

44.    Defendant has not remitted the entirety of the contributions that it owes, including the contribution increases pursuant to the Rehabilitation Plan, for the period of June 1, 2021 through the present.

45.    Defendant is in violation of ERISA Section 515, 29 U.S.C. § 1145 and the Plaintiff Fund's Trust Agreement, because Defendant has failed to timely pay its contributions, interest, and liquidated damages beginning June 1, 2021.

46.    As set forth above, the CBA and GCIU Fund's Trust Agreement obligate Defendant to permit the Plaintiffs, on demand, to check, examine and audit its books and records, including its payroll records, relating to hours worked by its employees.

47.    Plaintiffs' Trust Agreement obligates Defendant to timely report on a monthly basis the hours worked by all of its employees performing bargaining unit work and to pay contributions to the Plaintiff Fund accordingly.

48.    Defendant is contractually liable under the Fund's Trust Agreement to pay the costs and expense of the audit, all auditing fees, and any and all attorney fees and costs incurred by the Plaintiffs in obtaining the audit.

7

COMPLAINT

49.     Plaintiffs require an audit covering the period June 1, 2021 through the present to determine the amount of contributions Defendant owes for its covered employees.

50.     Defendant, therefore, must be ordered to produce its books and records for Plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' fees and costs incurred in obtaining that audit.

51.     Defendant must also be ordered to pay all auditing findings, including unpaid contributions, interest and liquidated damages, and to pay all attorneys' fees and costs incurred in collecting any auditing findings.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

(a) On Plaintiffs' First Claim of Relief, a judgment against Defendant, as follows:

(i)     For the payroll audit period of April 1, 2018 through May 31, 2021, unpaid contributions in the amount of $2,762.00, $4,758.70 in audit costs, plus associated interest and liquidated damages for unpaid contributions;

(ii)    Plaintiffs' reasonable attorneys' fees and costs of the action; and

(iii)   Such other legal and equitable relief as the Court deems appropriate.

(b) On Plaintiffs' Second Claim of Relief, judgment against the Defendant, as follows:

(i)     Unpaid contributions for June 1, 2021 through the present, plus associated interest and liquidated damages for any unpaid contributions determined to be owing;

(ii)    Order requiring Defendant to produce its books and records within ten (10) business days of the judgment and covering the period of June 1, 2021 through the present, for Plaintiffs' review and audit, and to pay the costs and expense of such audit;

(iii)   Plaintiffs' reasonable attorneys' fees and costs of the action; and

(iv)    Such other legal and equitable relief as the Court deems appropriate.

8

COMPLAINT

1

2   Dated: June 10, 2022                    /s/ Valentina S. Mindirgasova
                                            Kerry K. Fennelly
3                                           Valentina S. Mindirgasova
                                            Kraw Law Group, APC
4                                           1017 East Grand Avenue
                                            Escondido, CA 92025
5                                           (760) 747-1100
                                            (760) 747-1188
6                                           kfennelly@kraw.com
                                            vmindirgasova@kraw.com
7
                                            Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT